FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 07, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>JAVIER MANUEL HART,<br><br>    Defendant. | No. 2:09-CR-02014-SAB-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE** |

Before the Court is Defendant's Motion to Reduce Sentence, ECF No. 151. The motion was heard without oral argument. Defendant is represented by Colin Prince. The United States is represented by Richard Barker.

## Background Facts

On August 20, 2009, a jury convicted Defendant of Possession with Intent to Distribute a Controlled Substance – Methamphetamine (Count 1) and Possession with Intent to Distribute a Controlled Substance – Cocaine (Count 2). ECF No. 70. The jury specifically found that Defendant possessed 67.3 grams of actual methamphetamine. *Id.* Defendant was represented by Gregory Scott. Just ten days prior to trial, the United States had filed a Notice that it intended to use two of Defendant's prior convictions to enhance his sentence under 21 U.C. S § 841(b). ECF No. 57. Although not stated in the Notice, the result was that Defendant would be facing a mandatory life sentence if he was convicted. Unfortunately, Defendant was erroneously told by his counsel that the Notice only raised the

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE
SENTENCE ~ 1

minimum sentence from ten years to twenty years. ECF No. 128. As such, his attorney failed to advise him that he was looking at a minimum penalty of life without parole. *Id.*

It was only as Defendant prepared for the sentencing hearing did he become aware that he was facing a mandatory life sentence. Concerned about this, Judge Van Sickle concluded that it was necessary to appoint additional counsel to represent Defendant at sentencing. ECF No. 98. Now being represented by the Federal Defenders, Defendant entered into a Stipulation with the United States that indicated the parties were in agreement that Defendant should receive a thirty-year sentence in exchange for the United States withdrawing one of its notices establishing Defendant's prior drug convictions. ECF No. 130. In doing so, he waived all rights to directly appeal the conviction and sentence and waived his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255. *Id.*

On March 11, 2010, Judge Van Sickle sentenced Defendant to 360 months on Count 1, and 210 months on Count 2, to run concurrent. While in BOP custody, Defendant obtained his GED and completed a number of educational courses.

If Defendant were tried, convicted, and sentenced today, he would face a 10-year mandatory minimum sentence, and his guideline range would be 168-210 months. This is so because his two prior drug-trafficking convictions would not qualify for an enhancement pursuant to 21 U.S.C § 851. According to Defendant, with good time credits, he has already served an equivalent 186-month sentence.

On May 1, 2022, Defendant filed his Motion to Reduce Sentence, ECF No. 151. He argues that extraordinary and compelling reasons warrant a sentence reduction.

### First Step Act

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2**

limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal alterations omitted). Compassionate release provides an exception to this general rule in extraordinary cases. *See* 18 U.S.C. §3582(c). Prior to the enactment of the First Step Act in December 2018, only the Bureau of Prisons (BOP) could raise the issue of compassionate release. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 3582(c)(1)(A) now allows a federal prisoner to seek compassionate release after exhausting all administrative remedies with the BOP.

Section 3583(c)(1)(A) permits a court to reduce the term of imprisonment after considering the factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(c)(1)(A). Congress has not provided a statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). Instead, Congress instructed the United States Sentencing Commission that "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citing 28 U.S.C. §§ 944(t); 944(a)(2)(C)). The Sentencing Commission's policy statement regarding reductions in a term of imprisonment is found at U.S.S.G. 1B1.13. This policy statement, however, has not been updated since the First Step Act was amended § 3582(c)(1)(A). *Id.*

### Defendant's Arguments

Defendant argues extraordinary and compelling reasons exist to support his request for a sentence reduction. First, he asserts his 30-year sentence was imposed in an extraordinary and unusual fashion. He argues that the underlying criminal

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 3**

conduct involved non-violent street-dealing in drugs. Notably, he had no viable defense, but he went to trial without realizing he was facing a mandatory life sentence. Instead, believing he was facing a mandatory minimum 240-month sentence, he concluded there was no reason to avoid trial. If he had known he was facing a mandatory minimum life sentence, he would not have gone to trial. It is undisputed that he received ineffective assistance of counsel.

Defendant also argues the 30-year sentence is extraordinary long compared to other drug offenders. He states that in 2009, the median length of methamphetamine sentence was 72 months; the average was 96.5 months. In 2021, these numbers are about the same: 72 months and 90 months, respectively. He maintains that for drug-trafficking defendants with his criminal history (VI), the median sentence is 120 months and the average is 123 months. Defendant points out that his sentence of 360 months vastly exceeds the average federal murder sentence, which in 2020 was 255 months.

Defendant asserts the 30-year sentence is extraordinary due to the nature of his two prior convictions that triggered the mandatory-life sentence. He points out the first prior drug conviction occurred when he was 19 years old and resulted in a 6-month sentence; the second one was an unconstitutional conviction, now vacated by *State v. Blake*, 197 Wash. 2d 170 (2021). He argues that today, a person subject to a single valid § 851 enhancement would face a mandatory minimum sentence of just 15 years. In his case, if he was sentenced today, he would not have a qualifying § 851 enhancement and he would be facing a mandatory minimum 10-year sentence.

Defendant argues the 18 U.S.C. § 3553(a) factors favor a sentence reduction because he has already served a lengthy sentence: since COVID, he has served his sentence under harsh conditions; his disciplinary records show that he has made strides; the extreme disparity between himself and other similarly-situated defendants; and his sentence is infected by an unconstitutional prior conviction,

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 4**

namely, the now-vacated *Blake* conviction. He argues that the time he has already served more than adequately reflects the seriousness of the offense, the need for deterrence and just punishment.

### United States' Arguments

The United States argues Defendant has not established that "extraordinary and compelling reasons" support a sentence reduction and the § 3553(a) factors do not support his requested relief. The United States acknowledges that Defendant's circumstances are sympathetic, but asserts they are not extraordinary and compelling in light of Defendant's decision to go to trial.

The United States points out that Defendant has not alleged a medical or health condition justifies a sentence reduction. It also argues Defendant's conduct while incarcerated does not make up for a lifetime of criminality leading up to his 2009 conviction in this case. In the alternative, the United States argues that in the event the Court grants Defendant's motion, it should reduce Defendant's sentence to 20-years of incarceration.

### Analysis

Given the unique factual, procedural, and changing legal landscape that has surrounded Defendant's case, and after considering the 18 U.S.C. § 3553 factors, it is clear to the Court that extraordinary and compelling reasons exist to grant Defendant's motion to reduce his sentence.[1] The Court finds the time that Defendant has already served is sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense and to provide an adequate deterrent to future criminal activity. This is true even when considering the seriousness of the offense, and Defendant's prior criminal history.

//

---

[1] The parties agree that Defendant has exhausted his administrative remedies as required by the FSA.

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Reduce Sentence, ECF No. 151, is **GRANTED**.

2. This Order is **stayed** fourteen (14) days to permit U.S. Probation to complete a home inspection and pre-release investigation.

3. An **amended** judgment will be entered on June 21, 2022.

4. Defendant's counsel shall provide U.S. Probation the address where Defendant intends to reside forthwith.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 7th day of June 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 6**